FINAL DRAFT DECEMBER 16, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONRAD SHIPYARD, L.L.C.                          CIVIL ACTION

VERSUS                                            NO: 19-10864

FRANCO MARINE 1, LLC,                             SECTION: "J"(1)
FRANCO MARINE 2, LLC, and
HARLEY MARINE SERVICES,
INC.

## LEGAL INSTRUCTIONS READ TO THE JURY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions. You must answer all questions under a preponderance of the evidence

standard. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the facts that have been established by the testimony and evidence in this case. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of each witness a reasonable and fair interpretation in light of your own knowledge of the natural tendencies of human beings.

Now, I've said that you must consider all of the evidence in the case. This does not mean, however, that you must accept all of the evidence as true or accurate. As jurors, you are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time

the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## ADMISSIBILITY OF EVIDENCE

At various points throughout the trial, I have been called upon to pass judgment on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. You are not to draw any inference as to what weight should be given to the evidence or as to the credibility of the witness from my ruling on these questions. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all. Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

In this case, Plaintiff, Conrad, has the burden of proving its breach of contract case against FM1, FM2, and HMS by a preponderance of the evidence. HMS also has the burden of proving its claim against Conrad by a preponderance of the evidence. The Franco Parties have the burden of proving their claim against HMS by a preponderance of the evidence as well.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Conrad has failed to prove any element of their claim by a preponderance of the evidence, then it may not recover on that claim.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential element of Conrad's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Do not let bias, prejudice, or sympathy play any part in your deliberations

## CLAIMS IN THIS CASE

Members of the jury, the Plaintiff in this case, Conrad Shipyard, executed two contracts for the construction of two vessels. Conrad claims that the Defendants FM1, FM2, and HMS breached the contracts and are liable for damages caused by the breach of contract based upon an agency/ principal relationship or because HMS, FM1, and FM2 form a single business enterprise. Conrad has also alleged a claim for detrimental reliance against HMS.

The Franco Parties asserted a claim against HMS seeking reimbursement for their $2 million down payment to Conrad on HMS's behalf and their legal fees in this lawsuit. The reimbursement claim is based on the theory of reimbursement of an agent. FM1 has also asserted claims against HMS for detrimental reliance.

I will now instruct you concerning the law applicable to each of the claims.

## BREACH OF CONTRACT

Conrad Shipyard, claims that FM1, FM2, and/or HMS are liable for breach of contract for the Vessel Construction Agreements. To prove a breach of contract claim, Conrad must prove by a preponderance of the evidence:

(1) Conrad entered into valid contracts with FM1 and FM2 to build 2 vessels;

(2) Conrad performed or was prepared to perform under those contracts;

(3) FM1 and FM2 breached the contracts by failing to perform (fully pay for the vessels)

(4) HMS, though not a signatory to the contracts, is liable for damages caused by the breach based on theories of agency/principal relationship and single business enterprise

(5) Conrad suffered damages due to the breach.

For the first element, whether or not Conrad entered into valid contracts with HMS and/or the Franco Entities, you should interpret the words in the contract with the meanings which they generally have in everyday use. If you can not interpret the contract using the express terms, you can consider the parties' course of dealings to determine the meaning of the contract. A course of dealing is a sequence of conduct in previous transactions between the parties establishing a common basis of understanding for interpreting their expressions and conduct. Under Louisiana law, a contract between two parties has the force of law as to them.

If you find that Conrad has not established any one of these five elements by a preponderance of the evidence, then you should find against Conrad on its breach-of-contract claims.

## AGENT AND PRINCIPAL (and Reimbursement)

Conrad, FM1, and FM2 allege that FM1 and FM2 acted as HMS's agents when they contracted with and made payments to Conrad. An agent is a person or business that is authorized under an agreement to perform services for another, called the principal, who has the right to control how the agent performs the services. The agency agreement may be express (either orally or in writing), or it may be implied from the circumstances, such as the nature of the principal's business or the position of the agent within the business.

Any act or omission of an agent within the scope its authority is binding on the principal. An agent's authority may be actual authority (express or implied), or apparent authority. Accordingly, if FM1 and FM2 were acting within the scope of their actual or apparent authority to bind HMS when they contracted with Conrad to build the vessels, then HMS is bound by those contracts.

An agent acts within the scope of their <u>actual</u> authority if they were performing duties that were expressly or impliedly assigned to them by the principal. An agency is created expressly by oral or written agreement of the parties. An agency is created by implication when, from the nature of the principal's business and the position of the agent within the business, the agent is deemed to have permission from the principal to undertake certain acts which are reasonably related to the agent's express authorization. Accordingly, if FM1 and FM2 were performing duties that HMS expressly or impliedly assigned them, FM1 and FM2 acted with actual authority.

An agent's apparent authority may be inferred from the words or conduct of the principal, through its employees and representatives. An agency relationship is never presumed; it must be clearly established by the party seeking to bind the principal. To establish that FM1 and FM2 were acting within the scope of apparent authority when they contracted with Conrad to build the vessels, Conrad or the Franco LLCs must establish that:

(1)    the words or conduct of HMS indicated to Conrad that FM1 and FM2 had the authority to contract to build the vessels; and

(2)    Conrad reasonably believed that FM1 and FM2 had the authority to act based on HMS's indications of FM1's and FM2's authority.

An agent is not itself liable for any contracts with third parties that he or she makes with authority on behalf of a fully disclosed principal. While disclosure of the principal may be made by express written or verbal communications, circumstances sufficient to put the third party on notice of the principal/agent relationship are also sufficient. A third party may not blindly rely on the assertions of an agent, but has a duty to determine whether the agency purportedly granted by the principal permits the proposed act by the agent.

Accordingly, if Conrad was put on notice that the principal/agent relationship between HMS and FM1 and FM2 allowed FM1 and FM2 to enter the contracts, then liability for the vessel contracts lies with HMS alone as the principal, and neither FM1 nor FM2 are liable for breaching the contracts.

FM1 and FM2 allege that, because they were HMS's agents, HMS is obligated reimburse them for the payments they made to Conrad and for the expenses they incurred as a result of the agency relationship, including legal expenses in connection with this lawsuit.  If you find that FM1 and FM2 were acting as HMS's agents in executing the contract with Conrad and that those contracts and related payments were within the scope of their authority as agents, then HMS has a duty to reimburse them. If you find that FM1 and FM2 acted beyond their authority when purporting to act on behalf of HMS, then FM1 and FM2 were bound by the contracts and HMS has no duty to reimburse.

## SINGLE BUSINESS ENTERPRISE

Conrad claims that the Franco Entities breached the Construction Contracts and that HMS, even though it is not a party to or guarantor of the Construction Contracts, is liable for the damages caused by the Franco Entities' breaches of those Contracts because HMS operated along with the Franco Entities as a single business enterprise.

In order to impose liability on a corporate defendant for breach of a contract to which it is not a party under the single business enterprise theory, a plaintiff must prove two elements.

First, the plaintiff must prove that the corporate defendant intentionally used the corporate form to violate or evade a duty. To do so, the plaintiff must establish that the defendant that is not a party to the contract at issue abused the corporate form by engaging in fraud, misrepresentation, or some form of manipulation of the corporation. That a plaintiff may have been harmed does not alone establish corporate misconduct.

Second, the plaintiff must prove that disregarding the separate existence of the corporate defendant that is not a party to the contract and deeming it to be a "single business enterprise" with the party to the contract is necessary to prevent unjustified loss to the plaintiff. A loss is not unjustified if the plaintiff was not deceived about the corporate entity with which it was contracting, and could therefore have taken steps to reduce the risk that it could not recover damages in the event of a contractual breach.

If you find that Conrad has not established one or both of these elements by a preponderance of the evidence, then you should find against Conrad on its breach-of-contract/single-business-enterprise claim against HMS.

## DETRIMENTAL RELIANCE

Both Conrad and FM1 seek to recover damages from HMS under a theory of detrimental reliance. Specifically, Conrad seeks to recover damages arising from HMS's failure to pay for the vessels, and FM1 seeks to recover its $2 million down payment from HMS. The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to its prior acts, admissions, representations, or silence.

To prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract as a detrimental reliance claim is not based upon an intent to be bound. To recover under the theory of detrimental reliance, Conrad or FM1 must prove the following three elements by a preponderance of the evidence: (1) that HMS made a representation by conduct or word; (2) that Conrad or FM1 had a justifiable reliance thereon; and (3) that Conrad and FM1 changed their position to their detriment because of the reliance. You must decide whether HMS, or its employees and managers, made a representation to Conrad or FM1 in such a manner that it was reasonable for Conrad or FM1 to rely upon it, and whether Conrad or FM1 relied upon it to their detriment and sustained damages. If Conrad or FM1 fails to establish one or more of these elements by a preponderance of the evidence, then you must find against that party on its claims for detrimental reliance.

The first element of Conrad's and FM1's claims for detrimental reliance is that HMS made a promise that it knew or should have known would induce Conrad or

FM1 to reasonably rely on that promise to its detriment.  A promise is an assurance to do or not do something in the future.  Such an assurance must be definite, certain, clear, and unambiguous; the mere expression of an intention is not a promise.  A plaintiff cannot establish a promise by acting on assumptions based on vague statements.

The second element of a claim for detrimental reliance requires a plaintiff to prove that it justifiably relied on the promise that is the basis for its claim.  A plaintiff's reliance on promises made outside of an unambiguous, fully-integrated agreement is unreasonable.  A contract is fully integrated when it sets forth the entire agreement and understanding between the parties. A sophisticated plaintiff cannot justifiably rely on a promise when it knows that the promise is inadequate to safeguard it against the risk that ends up materializing.

## DAMAGES—BREACH OF CONTRACT & DETRIMENTAL RELIANCE

The general purpose of contract damages is not to punish breaching parties or enrich non-breaching parties, but rather to produce the same result as would have occurred if there was no breach. The calculation of damages should place the non-breaching party in the same position he would have been in had the contract been fulfilled.

Actual damages arising from a breach of contract must be proven; they cannot be merely speculative or conjectural. It must appear reasonably certain that the amount of damages rests upon a certain basis. Such proof must be proven by a preponderance of the evidence; proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts or causation sought to be proved is more probable than not. The sufficiency of proof of damages must be determined in relation to the particular contract at issue and the circumstances surrounding its breach.

An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made. An obligor is in bad faith if he intentionally and maliciously fails to perform his obligation. Bad faith generally implies actual or constructive fraud or a specific refusal to fulfill contractual obligations, not an honest mistake as to actual rights or duties. If an obligor breaches a contract in bad faith, the obligor is liable for all the damages, foreseeable or not, that are a direct consequence

of his failure to perform. Determining whether a party breached a contract in bad faith is a factual inquiry.

Loss of profit is an item of damages recoverable for breach of contract. The general rule is that while damages for loss of profits may not be based on speculation and conjecture, such damages need be proven only within a reasonable certainty. Broad latitude is given in the proving of lost profits as damages.

Any damages a plaintiff suffers as a result of its detrimental reliance on a promise is limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. If you find that Conrad has proven the elements of its claim for detrimental reliance, then you should award it only those damages it proves by a preponderance of the evidence resulted from its reliance on the promise that is the basis for its claim.

## USE OF NOTES TAKEN BY JURORS

In closing, I want to give you a few more general instructions, ladies and gentlemen. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after a full and impartial consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.  Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

### [Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions

and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case. You may now retire to the jury room to conduct your deliberations.