UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CONRAD SHIPYARD, L.L.C.                          CIVIL ACTION


VERSUS                                          NO: 19-10864


FRANCO MARINE 1, LLC, FRANCO
MARINE 2, LLC, and HARLEY                       SECTION: "J" (1)
MARINE SERVICES, INC.

## ORDER AND REASONS

Before the Court is a *Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(B) Or, Alternatively, for a New Trial Pursuant to Rule 59* **(Rec. Doc. 158)** filed by Harley Marine Services, Inc. ("HMS"). Conrad Shipyard, L.L.C. ("Conrad") filed an opposition memorandum, (Rec. Doc. 167) as did Franco Marine 1, LLC ("FM1"), Franco Marine 2, LLC ("FM2"), and Harley Franco ("Franco") (collectively, the "Franco Parties") (Rec. Doc. 166). HMS filed a reply memorandum as well. (Rec. Doc. 169). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

The Court assumes the reader is familiar with the facts of this case, which went to a jury trial from December 12-16, 2022. Among other findings, the jury found that (1) FM1 and FM2 (collectively, the "Franco Entities") were HMS's agents acting in the scope of their actual or apparent authority; (2) HMS made promises to Conrad that Conrad justifiably relied upon when deciding to build the two vessels, resulting in damage to Conrad; and (3) HMS did not agree to reimburse the Franco Entities for

the $2 million down payment and expenses, but that payment was in the scope of the Franco Entities' authority as agents of HMS. (Verdict Form, Rec. Doc. 135).

After the Final Judgment in favor of Conrad and the Franco Parties, the Court issued Findings of Fact and Conclusions of Law on the issues reserved to the Court after trial, finding, *inter alia,* that HMS must reimburse FM1 the down payment because the evidence at trial showed that the Franco Parties acted as agents for HMS in executing the contracts with Conrad.[1] (Rec. Doc. 154). HMS now renews its motion for judgment as a matter of law (JMOL) to dismiss (1) Conrad's agency claim, (2) Conrad's detrimental reliance claim, and (3) FM1 and FM2's reimbursement claim. HMS argues that it is entitled to JMOL because, based on the evidence presented at trial, no reasonable jury could have reached the conclusions that the jury in this case reached. HMS also moves in the alternative for a new trial, arguing that the Court's jury instructions included two prejudicial errors. In response, Conrad and the Franco Parties present evidence from the trial such that a reasonable jury could find against HMS in each of those claims and argue that the Court properly refused HMS's requested jury instructions.

### 1. HMS's Renewed Motion for Judgment as a Matter of Law

Pursuant to Rule 50(b), if the court does not grant a motion for judgment as a matter of law during a jury trial, the movant may file a renewed motion for judgment as a matter of law. In considering a Rule 50(b) motion, "the court is to view the entire

---

[1] The Court also provided findings of fact and conclusions of law as to indemnification claims, which are not at issue in the present motion.

record in the light most favorable to the non-movant, drawing all factual inferences in favor of ... the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts to the jury." *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994). A Rule 50(b) motion for judgment as a matter of law should be granted only if

> the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict.... On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied.

*Brown v. Bryan County*, 219 F.3d 450, 456 (5th Cir. 2000) (internal quotation marks and citations omitted). Granting a Rule 50(b) motion "is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." *In re Litterman Bros. Energy Sec. Litig.*, 799 F.2d 967, 972 (5th Cir. 1986). Thus, "a jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Heck v. Triche*, 775 F.3d 265, 273 (5th Cir. 2014) (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

An opponent of a Rule 50 motion "must at least establish a conflict in substantial evidence on each essential element on their claim." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 473 (5th Cir. 2018) (quoting *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 485 (5th Cir. 2017)).

In this case, HMS made a Rule 50(a) motion after Conrad and the Franco Parties rested their cases, and the Court deferred ruling on the motion. (Rec. Doc. 131). In the present motion under Rule 50(b), HMS has not demonstrated, considering the evidence introduced at trial, that no reasonable jury could have found (1) that the Franco Parties had actual or apparent authority to enter the contracts on HMS's behalf; (2) that Conrad reasonably relied on promises by HMS employees that HMS would bear financial responsibility for the vessels; and (3) that the Franco Entities were entitled to reimbursement of the $2 million down payment.

First, in terms of HMS's argument that the Vessel Investment Agreement exclusively defined the scope of Franco's authority to act as an agent for HMS, the Court previously noted evidence presented at trial such that a jury could reasonably conclude the agency relationship was created over time through the parties' course of dealings with Conrad. (Findings of Fact and Conclusions of Law, Rec. Doc. 154, at 8-9). Further, "when evaluating the sufficiency of the evidence, [courts] view all evidence and draw all reasonable inferences in the light most favorable to the verdict." *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005). Drawing all reasonable inferences in the light most favorable to the jury's verdict, both Conrad and the Franco Parties provided sufficient trial evidence of an agency relationship to create a fact question for the jury. For example, HMS's board members

4

proposed the transaction, committed to obtain construction financing, assured Conrad they would pay, negotiated the contracts, oversaw the design and construction of the vessels, and contributed cash and tow winches to the project. (Rec. Docs. 166, at 4; 167, at 4-8). The parties also presented conflicting evidence on whether the HMS board approved the transaction. After hearing this evidence, the jury found that the evidence supported a finding that FM1 and FM2 were HMS's agents acting within the scope of their authority, and Conrad was aware of the principal/agent relationship. (Rec. Doc. 135, at 1-2). The evidence here does not strongly and overwhelmingly indicate that the Franco Parties did not have actual or apparent authority. Therefore, the Court will not disturb the jury's verdict on Conrad's agency claim.

Second, HMS asserts that the jury's detrimental reliance finding is unsound, in part because at trial, Conrad identified no pre-contract statements or conduct by HMS that it would make the payments due under the contracts. (Rec. Doc. 158-1, at 15). However, Conrad and the Franco Parties again provided substantial evidence at trial to support the jury's finding that Conrad sustained damages because of its justifiable reliance on HMS's promises regarding the construction contracts. For example, HMS and Conrad entered a Build Letter before the contracts were signed, HMS's VP of Contract Administration initialed the payment schedule, Conrad and HMS issued a joint press release that the vessels were built on HMS's behalf, HMS made payments to Conrad for the Vessels, and HMS had a history of using Franco-owned build companies to contract with Conrad to build twenty-two vessels for HMS.

5

(Rec. Docs. 166, at 11; 167, at 15-16). The Court finds this evidence sufficient to support a jury finding that Conrad justifiably relied on HMS's promises, causing damages to Conrad. Therefore, there is no basis to enter a judgment as a matter of law on the issue of detrimental reliance.

Third, HMS argues it is entitled to JMOL on the Franco Entities' reimbursement claim because the Vessel Investment Agreement (VIA) or Board Approval Memo (BAM) both made clear that the Franco Entities were not entitled to reimbursement of the down payment. Regarding the Franco Entities' reimbursement claim, the jury answered "No" to the question, "Do you find by a preponderance of the evidence that HMS agreed, implicitly or explicitly to reimburse FM1 and FM2 for the $2 million down payment and the expenses they incurred in connection with the Conrad vessels?" (Rec. Doc. 135, at 3). However, the jury answered "Yes" to the question, "Do you find by a preponderance of the evidence that FM1 and FM2's $2 million down payment and the expenses they incurred with the Conrad vessels were within the scope of their authority as agents of HMS?" *Id.* This jury finding is supported by the evidence of the agents' actual or apparent authority presented at trial and outlined above. HMS asks the Court to ignore this evidence on agency that was presented to the jury and instead rule that the VIA or BAM controlled the parties' agency relationship. The Court notes that evidence of the VIA and BAM was presented at trial. The jury weighed the evidence to determine that, despite any limitations to reimbursement included in the VIA or BAM, the Franco Parties were acting within the scope of their authority in making that down payment. The Court

finds that the trial evidence supports the jury's verdict that the down payment and expenses were within the Franco Parties' scope of authority, and therefore judgment as a matter of law may not be granted.

### 2. HMS's Motion for a New Trial

In the alternative to judgment as a matter of law, HMS requests a new trial based on alleged prejudicial errors in the Court's jury instructions. Specifically, HMS contends that the Court erred by refusing to include an agency instruction that if the jury finds that the construction contracts intentionally excluded HMS (the principal) as a party, HMS is not bound by or liable for breach of those contracts. (Rec. Doc. 158-1, at 22). HMS also argues that the Court erred in refusing to give HMS's requested instruction that, if the jury found the Franco Entities' claims contravene the VIA by allowing for recovery when that contract does not provide for it, then it must find against the Franco Entities and in favor of HMS on those claims. *Id.* at 24.

Federal Rule of Civil Procedure 59(a) provides a district court discretion to grant a new trial after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court. Fed. R. Civ. P. 59(a). A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (internal citations omitted). "A new trial is the appropriate remedy for prejudicial errors in jury instructions." *Aero Int'l, Inc. v. U.S.*

*Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983). However, courts have "considerable latitude in fashioning jury instructions," unless the instructions leave "substantial and ineradicable doubt [on] whether the jury was properly guided in its deliberations." *Horton v. Buhrke, a Div. of Klein Tools, Inc.*, 926 F.2d 456, 460 (5th Cir. 1991) (internal citations and quotations omitted). Thus, "a district court's refusal to give a requested jury instruction constitutes reversible error only if the instruction 1) was a substantially correct statement of law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004) (internal citations and quotations omitted).

HMS contends that the Court erred in refusing to include an instruction essentially stating that, if a contract excludes the principal as a party, the contract is not binding on the principal, and no specific language is required in the contract to exclude the principal. (Rec. Doc. 158-1, at 22). The Court finds that this statement is not a substantially correct statement of Louisiana agency law principles, and HMS has not provided a citation to binding precedent indicating otherwise.[2] Indeed, an agency relationship or mandate is a contract "by which a person, the principal,

---

[2] In its motion, HMS cites to *Trina Solar Us, Inc. v Jasmin Solar Pty Ltd*, 954 F.3d 567 (2d Cir. 2020), in which the Second Circuit found a principal excluded as a party to a contract although the contract did not expressly say so. The Court finds that *Trina Solar*, which concerned whether to enforce an arbitration clause against a nonsignatory, is distinguishable from the facts in this case. Further, the Second Circuit's analysis of the contract in that case is not relevant to the principles of Louisiana Civil Law at issue in this case, nor is its holding binding on this Court.

confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. Civ. Code. art. 2989. The principal may be either disclosed or undisclosed. *Id.* cmt (c). The principal is bound to perform the contract that the agent, acting within the limits of his authority, makes with a third person, whether the principal is disclosed or undisclosed. *Id.* art. 3020; *id.* cmt (b). A third person who contracts with the agent has a cause of action directly against the principal, whether disclosed or undisclosed. *Id.* cmt (c). When an agent discloses the agency relationship and the identity of the principal in forming a contract with a third party, the agent does not bind himself personally for the performance of the contract unless the agent "expressly promises" the performance of the contract. *Id.* art. 3016; *id.* cmt (c). However, for an undisclosed agency relationship, the agent who contracts in his own name without disclosing his status as an agent binds himself personally for the contract. *Id.* art. 3017. Thus, for an agent acting within the scope of their authority contracting for a disclosed principal, Louisiana law does not allow the principal to escape its obligations under the contract, even if the contract excludes the principal as a party.

HMS also argues that the Court erred in refusing to include an instruction to find in favor of HMS if the Franco Entities claims contravene the VIA by allowing for recovery when the contract does not provide for it. (Rec. Doc. 158-1, at 24). The Franco Parties note that this proposed instruction was meant to apply to the Franco Parties' claims for unjust enrichment, detrimental reliance, and reimbursement. (Rec. Doc. 166, at 23). The Court dismissed the unjust enrichment claim, and the jury did not

reach a verdict on the Franco Parties' detrimental reliance claim. (Rec. Doc. 135, at 3). The Court noted during trial that, whether the VIA applied to this transaction was one of the main issues in the case for the jury to decide. *Id.* (citing Tr. 949:14-950:3). Although this instruction may be a correct statement of law, the Court finds that this instruction was substantially covered in the jury charge on agency as a whole, which provided for reimbursement only if the Franco Entities were acting within the scope of their authority as agents. (Rec. Doc. 133, at 13). If the jury considered that the VIA limited the scope of the Franco Parties' authority such that reimbursement was not necessary, as HMS argues, then the Court's jury instruction that "if you find that FM1 and FM2 acted beyond their authority when purporting to act on behalf of HMS, then FM1 and FM2 were bound by the contracts and HMS has no duty to reimburse" substantially covered HMS's requested instruction. *Id.* Therefore, the Court finds that declining HMS's proposed jury instructions was not error justifying a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that the *Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(B) Or, Alternatively, for a New Trial Pursuant to Rule 59* **(Rec. Doc. 158)** is **DENIED.**

New Orleans, Louisiana, this 24th day of April, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE